IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CINDY LOVELESS<br>390 Terrace Drive<br>Prince Frederick, MD 20678 | * <br> * <br> * <br> * | |
| And | * <br> * | |
| BRIAN LOVELESS<br>390 Terrace Drive<br>Prince Frederick, MD 20678 | * <br> * <br> * <br> * | |
| Plaintiffs, | * <br> * | |
| v. | * <br> * | Case No. _____ |
| GIRSBERGER INDUSTRIES, INC.,<br>3940 U.S. Highway 70 Bus. West<br>Smithfield, ND 27577-1476 | * <br> * <br> * <br> * | |
| GIRSBERGER HOLDING AG<br>Bernstrasse 78<br>CH-4922 Buetzberg<br>Switzerland | * <br> * <br> * <br> * <br> * | |
| GIRSBERGER AG<br>Bernstrasse 78<br>CH-4922 Buetzberg<br>Switzerland | * <br> * <br> * <br> * <br> * | |
| GIRSBERGER GMBH<br>Ersteiner Strasse 2<br>D-79346 Endingen<br>Germany | * <br> * <br> * <br> * <br> * | |
| And | * <br> * | |
| TUNA-GIRSBERGER TIC AS<br>Kinali Kavsagi<br>Silivri<br>24947 Istanbul<br>Turkey | * <br> * <br> * <br> * <br> * <br> * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*

301887.1

## NOTICE OF REMOVAL

You are hereby notified that, pursuant to 28 U.S.C. §§1332, 1441 and 1446, Defendant Girsberger Industries, Inc. ("Girsberger Industries, Inc.") hereby files this Notice of Removal of the above-captioned matter from the District of Columbia Superior Court (Case No. 2008 CA 002826 B) to the United States District Court for the District of Columbia.

### I.     STATEMENT OF COMMENCEMENT OF ACTION

The above-captioned matter was commenced by Plaintiffs by the filing of a Summons and Complaint on April 10, 2008. The Initial Order, Complaint, Summons, and Jury Demand were served by Certified mail on Girsberger Industries, Inc. on May 7, 2008. Pursuant to 28 U.S.C. §1446(b) and Fed. R. Civ. P. 6(a), this Notice of Removal is timely filed within 30 days of Defendants' receipt of the initial state court pleading.

### II.     PLEADINGS AND NOTICE TO STATE COURT

A true and correct copy of all process, pleadings, and orders served upon Defendants are attached hereto as Exhibits A through D and are being filed along with this Notice of Removal. A copy of this Notice of Removal has been filed with the Clerk of the District of Columbia Superior Court. A copy of the Notice of Filing of Notice of Removal, attaching a copy of this Notice of Removal, filed with the Clerk of the District of Columbia Superior Court, and served on Plaintiff's counsel as required by 28 U.S.C. § 1446(d) is attached hereto (without the attachments) as Exhibit E.

### III.     STATEMENT OF STATUTORY BASIS FOR JURISDICTION

This action is within the original jurisdiction of the United States District Court pursuant 28 U.S.C. §1332 (diversity jurisdiction where "[t]he District Court shall have original

2

jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of

$75,000, exclusive of interest and cost, and is between ...citizens of difference states.").

## IV.    CITIZENSHIP OF THE PARTIES

It is evident from the Complaint that none of the Defendants are citizens of the District of

Columbia, as Girsberger Industries, Inc. is located in North Carolina; Girsberger Holding AG

and Girsberger AG are Swiss corporations, Girsberger GMBH is a German corporation and as

Tuna-Girsberger TIC AC is a Turkish corporation. *See* Complaint at Caption.   Further, the

Complaint alleges the following:

> 4.  Defendant Girsberger Industries Inc. was at all times relevant hereto a North Carolina Corporation licensed to do business in North Carolina and operating as a manufacturer and distributor of Girsberger products in the United States.
> 5.  Defendant Girsberger Holding AG was at all times relevant hereto a Swiss company acting as the parent entity of Girsberger subsidiaries.
> 6.  Defendant Girsberger AG was at all times relevant hereto a company liensed to do business as a manufacturer and distributor of Girsberger products in Switzerland, France and Austria.
> 7.   Defendant Girsberger GmbH was at all times relevant hereto a company licensed to do business as a manufacturer and distributor of Girsberger products in Germany, Great Britain, and Benelux.
> 8.  Defendant Tuna-Girsberger Tic AS was at all times relevant hereto a company licensed to do business as a manufacturer and distributor of Girsberger products in Turkey.
> 9.  At all times relevant hereto, Defendants Gisberger Industries, Inc., Girsberger Holding AG, Girsberger AG, Girsberger GmbH, and Tuna-Girsberger Tic AS were engaged in the business of manufacturing and distributing office furniture in the United States and around the world.

*See* Complaint. The Complaint lacks any allegations that any of the Defendants' principal places

of business are the District of Columbia or Maryland.  Plaintiffs are residents of the State of

Maryland. *See* Complaint at caption.    There are no defendants that are a citizen of the same

state as Plaintiff. Further, there are no Defendants that are citizens of the state in which the

action is brought. Complete diversity of citizenship therefore exists.

3

## V.     AMOUNT IN CONTROVERSY

"The general federal rule is to decide the amount in controversy from the complaint itself." *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). Further, there is a strong presumption that the amount alleged in the Complaint is correct. If the amount in controversy is specific and drafted by an attorney, it is entitled to deference and the presumption of truth. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-290 (1983); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094-95 (11th Cir. 1994). On the face of the Complaint, Cindy Loveless seeks damages in the amount of two million Dollars for Negligence, two million Dollars for Breach of Express and Implied Warranty, two million Dollars for Strict Liability, and two million Dollars for Failure to Warn against each of the Defendants. Further, Brian Loveless seeks damages in the amount of one million Dollars against each of the Defendants for Loss of Consortium. Therefore, the amount in controversy exceeds the jurisdictional minimum of $75,000.

## VI.     CONSENT OF ALL DEFENDANTS

The defendant is not aware of service having been achieved on any of the other named Defendants. However, the Defendant is aware that all named defendants consent to the removal, without conceding or waiving any defenses to service of process and/or lack of personal jurisdiction, *see Cantor Firzgerald L.P. v. Peaslee*, 88 F.3d 152, n. 4 (2d. Cir. 1996) ("[r]emoval does not waive any Rule 12(b) defenses."). *See* Exhibit F.

Wherefore, Girsberger Industries, Inc. files the Notice of Removal and requests that this Notice of Removal be accepted and that the above-captioned matter be removed from the District of Columbia Superior Court to the United States District Court for the District of Columbia.

Respectfully Submitted,

4

301887.1

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP


Catherine A. Hanrahan, #441775
Camilla E. Shora, #481281
1341 G Street, NW, Suite 500
Washington, DC 20005-3300
Tel. (202) 626-7660
Fax (202) 628-3606
Catherine.Hanrahan@wilsonelser.com
Camille.Shora@wilsonelser.com
*Attorneys for Defendants*

5

301887.1

## CERTIFICATE OF SERVICE

I HEREBY certify that a true copy of the foregoing Notice of Removal with accompanying Exhibits A through G were sent by United States Mail, postage prepaid, this 3rd day of June 2008, to counsel of record:

Sidney Schupak
Ashcraft & Gerel, LLP
2000 L Street, N.W.
Suite 400
Washington, D.C. 20036
*Attorney for Plaintiff*

Catherine A. Hanrahan

6

301887.1

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

CINDY LOVELESS
390 Terrace Drive
Prince Frederick, Maryland 20678                    :

and                                                  :

BRIAN LOVELESS                                       :
390 Terrace Drive
Prince Frederick, Maryland 20678                    :

    Plaintiffs,                  :

v.                                                   :    Case No.

GIRSBERGER INDUSTRIES, INC.                         :
3940 U.S. Hwy 70 Bus. West
Smithfield, North Carolina 27577-1476               :
919.934.0545
SERVE: Kay T. Wade, Agent                           :
3940 U.S. HWY 70 BUS. WEST
Smithfield, North Carolina 27577-1476               :

and                                                  :

GIRSBERGER HOLDING AG                               :
Bernstrasse 78
CH-4922 Buetzberg                                   :
Switzerland
SERVE: Obergericht des Kantons Bern                 :
Rechtshilfe
Hochschulstrasse 17                                 :
Postfach 7475
3001 Bern                                           :

and                                                  :

GIRSBERGER AG                                        :
Bernstrasse 78
CH-4922 Buetzberg                                   :
Switzerland
SERVE: Obergericht des Kantons Bern                 :
Rechtshilfe

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3727
FAX 301-881-6132

SUITE 501
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX 301-459-1364

SUITE 1212
6 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX 410-547-1261

RECEIVED
Civil Clerk's Office
APR 1 0 2008
Superior Court of the
District of Columbia
Washington, D.C.



EXHIBIT
A

April 9, 2008Hochschulstrasse 17      :
Postfach 7475      :
3001 Bern      :
      :
and      :
      :
**GIRSBERGER GMBH**      :
**Ersteiner Strasse 2**      :
**D-79346 Endingen**      :
**Germany**      :
**SERVE: Justizministerium Baden-Wurttemberg** :
**Schillerplatz 4**      :
**70173 Stuttgart, Federal Republic of Germany**      :
      :
and      :
      :
**TUNA-GIRSBERGER TIC AS**      :
**Kinali Kavsagi**      :
**Silivri**      :
**24947 Istanbul**      :
**Turkey**      :
**SERVE: General Service of Civil Affairs**      :
**Ministry of Justice**      :
**Ankara, Turkey**      :
      :
    **Defendants.**      :

LAW OFFICES
ASHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTPAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX 301-459-1364

SUITE 1212
0 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX 410-547-1261

## COMPLAINT

### JURISDICTIONAL ALLEGATIONS

1.      Jurisdiction is founded in this Court is based upon D.C. Code §11-921 and §13-423 (1981 Ed.), whereby jurisdiction is conferred over persons causing injuries in the District of Columbia.

2.      Plaintiff, Cindy Loveless, is and was at all times relevant hereto a resident of the State of Maryland.

3.      Plaintiff, Brian Loveless, is and was at all times relevant hereto a resident of the

-2-

State of Maryland.

4.      Defendant Girsberger Industries, Inc., was at all times relevant hereto a North Carolina corporation, licensed to do business in North Carolina and operating as a manufacturer and distributor of Girsberger products in the United States.

5.      Defendant Girsberger Holding AG, was at all times relevant hereto a Swiss company acting as the parent entity of Girsberger subsidiaries.

6.      Defendant Girsberger AG, was at all times relevant hereto a company licensed to do business as a manufacturer and distributor of Girsberger products in Switzerland, France and Austria.

7.      Defendant Girsberger GmbH, was at all times relevant hereto a company licensed to do business as a manufacturer and distributor of Girsberger products in Germany, Great Britain and Benelux.

8.      Defendant Tuna-Girsberger Tic. AS, was at all times relevant hereto a company licensed to do business as a manufacturer and distributor of Girsberger products in Turkey.

9.      At all times relevant hereto, defendants Girsberger Industries, Inc., Girsberger Holding AG, Girsberger AG, Girsberger GmbH, and Tuna-Girsberger Tic. AS were engaged in the business of manufacturing and distributing office furniture in the United States and around the world.

10.     At all times relevant hereto, defendants Girsberger Industries, Inc., Girsberger Holding AG, Girsberger AG, Girsberger GmbH, and Tuna-Girsberger Tic. AS manufactured, distributed and/or sold the chair at issue in this case.

11.     At all times relevant hereto, defendants Girsberger Industries, Inc., Girsberger

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX 415-547-1261

-3-

Holding AG, Girsberger AG, Girsberger GmbH, and Tuna-Girsberger Tic. AS were responsible for the design and manufacturing processes resulting in the production and sale of the chair at issue.

12.    All injuries resulting from the alleged negligence, and other causes of action contained herein, occurred in the District of Columbia.

## FACTUAL ALLEGATIONS

13.    On or about August 23, 2001, Potomac Electric Power Company ("PEPCO"), or an agent and/or intermediary on its behalf, purchased the chair at issue from Defendants. The chair was identified as a Zampano office chair, model number 25230ST01.

14.    The chair at issue was advertised, and purchased, specifically for use by office staff in the normal course of their daily activities, and to provide ergonomically appropriate back support for any such user.

15.    On or about May 5, 2005, plaintiff, Cindy Loveless, was working at her office at PEPCO, 701 9th Street NE, in the District of Columbia. Mrs. Loveless was seated at her desk in the Zampano office chair.

16.    In the course of conducting her typical activities, Mrs. Loveless leaned back in her chair when suddenly, and without warning, the back of the chair gave way and fell to the floor.

17.    Mrs. Loveless fell backward due to the sudden loss of back support, causing serious and permanent injury.

18.    Upon inspection, it was determined that the back of the chair, the purpose of which was to provide back and lumbar support to the user, gave way due to the complete failure of three (3) bolts intended to secure the back to the seat and base of the chair.

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036
—
202-783-6400
FAX 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311
—
703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852
—
301-770-3737
FAX 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785
—
301-459-6400
FAX 301-459-1364

SUITE 1212
6 EAST BALTIMORE STREET
BALTIMORE, MD 21202
—
410-539-1122
FAX 410-547-1261

-4-

19.    The failure of the chair at issue occurred without any warning or unusual precipitating event, and while the chair was being used in its ordinary, typical and foreseeable fashion.

20.    At the time of its failure, the chair at issue was in substantially the same condition as it was when it arrived from the manufacturer and/or distributors, and was not materially altered in any way.

## COUNT I
## GIRSBERGER INDUSTRIES, INC.
## (NEGLIGENCE)

Plaintiff hereby adopts and incorporates by reference, paragraphs 1 through 20, above and further states as follows:

21.    At all times relevant hereto, defendant Girsberger Industries, Inc., was the entity responsible for the design, manufacture, testing and placement into the stream of commerce of the Zampano chair at issue.

22.    Defendant Girsberger Industries, Inc., had a duty to: take all reasonable and necessary measures to ensure that the Zampano chair, which it manufactured and placed into the stream of commerce, was reasonably safe for the purpose for which it was intended; appropriately inspect and test any and all products which it placed into the stream of commerce, including the Zampano chair at issue, to ensure the chair was safe and fit for use prior to distribution and sale; refrain from placing into the stream of commerce any product, including the Zampano chair at issue, that was not reasonably safe for its normal or intended use; put in place all necessary quality assurance mechanisms to identify, and exclude from distribution and sale, any and all products containing manufacturing and/or design defects, including the

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX 410-547-1861

-5-

Zampano chair at issue; ensure that all of its products, including the Zampano chair at issue contained open, obvious and adequate warnings regarding their safe use(s); and ensure that all of the products which it placed into the stream of commerce fully complied and conformed with all Federal, State and local statutes and regulations and applicable industry and product standards.

23.    Defendant Girsberger Industries, Inc., breached its duty by failing to: take all reasonable and necessary measures to ensure that the Zampano chair, which it manufactured and placed into the stream of commerce, was reasonably safe for the purpose for which it was intended; appropriately inspect and test any and all products which it placed into the stream of commerce, including the Zampano chair at issue, to ensure the chair was safe and fit for use prior to distribution and sale; refrain from placing into the stream of commerce any product, including the Zampano chair at issue, that was not reasonably safe for its normal or intended use; put in place all necessary quality assurance mechanisms to identify, and exclude from distribution and sale, any and all products containing manufacturing and/or design defects, including the Zampano chair at issue; ensure that all of its products, including the Zampano chair at issue contained open, obvious and adequate warnings regarding their safe use(s); and ensure that all of the products which it placed into the stream of commerce fully complied and conformed with all Federal, State and local statutes and regulations and applicable industry and product standards.

24.    As a direct and proximate result of the above-stated breaches, plaintiff has suffered, and will continue to suffer, serious and permanent injuries including, but not limited to, severe injury to her lumbar spine, protracted back pain, discomfort and physical disability.

25.    As a further direct and proximate cause of defendant's breaches, plaintiff has incurred, and will continue to incur, significant expenses for medical care and treatment.

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PINE
ROCKVILLE, MD 20852

301-770-3737
FAX 301-881-6192

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301 459-8400
FAX 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTMORE, MD 21202

410-539-1122
FAX 410-547-1261

-6-

26.    As a further direct and proximate cause of defendant's breaches, plaintiff has suffered, and will continue to suffer, severe pain, suffering, discomfort, inconvenience and emotional anguish.

27.    As a further direct and proximate cause of defendant's breaches, plaintiff has suffered, and will continue to suffer, loss of wages and wage-earning capacity.

**WHEREFORE**, plaintiff, Cindy Loveless, demands judgment against defendant, Girsberger Industries, Inc., jointly and severally, in the full and just amount of **TWO MILLION DOLLARS ($2,000,000.00)**, plus interest and costs of suit herein.

## COUNT II
### GIRSBERGER HOLDING AG
### (NEGLIGENCE)

Plaintiff hereby adopts and incorporates by reference, paragraphs 1 through 27, above and further states as follows:

28.    At all times relevant hereto, defendant Girsberger Holding AG, was the entity responsible for the design, manufacture, testing and placement into the stream of commerce of the Zampano chair at issue.

29.    Defendant Girsberger Holding AG, had a duty to: take all reasonable and necessary measures to ensure that the Zampano chair, which it manufactured and placed into the stream of commerce, was reasonably safe for the purpose for which it was intended; appropriately inspect and test any and all products which it placed into the stream of commerce, including the Zampano chair at issue, to ensure the chair was safe and fit for use prior to distribution and sale; refrain from placing into the stream of commerce any product, including the Zampano chair at issue, that was not reasonably safe for its normal or intended use; put in

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX 301-459-1364

SUITE 1213
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1123
FAX 410-547-1261

-7-

place all necessary quality assurance mechanisms to identify, and exclude from distribution and sale, any and all products containing manufacturing and/or design defects, including the Zampano chair at issue; ensure that all of its products, including the Zampano chair at issue contained open, obvious and adequate warnings regarding their safe use(s); and ensure that all of the products which it placed into the stream of commerce fully complied and conformed with all Federal, State and local statutes and regulations and applicable industry and product standards.

30.    Defendant Girsberger Holding AG, breached its duty by failing to: take all reasonable and necessary measures to ensure that the Zampano chair, which it manufactured and placed into the stream of commerce, was reasonably safe for the purpose for which it was intended; appropriately inspect and test any and all products which it placed into the stream of commerce, including the Zampano chair at issue, to ensure the chair was safe and fit for use prior to distribution and sale; refrain from placing into the stream of commerce any product, including the Zampano chair at issue, that was not reasonably safe for its normal or intended use; put in place all necessary quality assurance mechanisms to identify, and exclude from distribution and sale, any and all products containing manufacturing and/or design defects, including the Zampano chair at issue; ensure that all of its products, including the Zampano chair at issue contained open, obvious and adequate warnings regarding their safe use(s); and ensure that all of the products which it placed into the stream of commerce fully complied and conformed with all Federal, State and local statutes and regulations and applicable industry and product standards.

31.    As a direct and proximate result of the above-stated breaches, plaintiff has suffered, and will continue to suffer, serious and permanent injuries including, but not limited to, severe injury to her lumbar spine, protracted back pain, discomfort and physical disability.

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036
—————
202-783-6400
FAX 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311
—————
703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852
—————
301-770-3737
FAX 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785
—————
301-459-8400
FAX 301-459-1364

SUITE 1212
6 EAST BALTIMORE STREET
BALTIMORE, MD 21202
—————
410-539-1122
FAX 410-547-1264

-8-

32.    As a further direct and proximate cause of defendant's breaches, plaintiff has incurred, and will continue to incur, significant expenses for medical care and treatment.

33.    As a further direct and proximate cause of defendant's breaches, plaintiff has suffered, and will continue to suffer, severe pain, suffering, discomfort, inconvenience and emotional anguish.

34.    As a further direct and proximate cause of defendant's breaches, plaintiff has suffered, and will continue to suffer, loss of wages and wage-earning capacity.

WHEREFORE, plaintiff, Cindy Loveless, demands judgment against defendant, Girsberger Holding AG, jointly and severally, in the full and just amount of **TWO MILLION DOLLARS ($2,000,000.00)**, plus interest and costs of suit herein.

### COUNT III
### GIRSBERGER AG
### (NEGLIGENCE)

Plaintiff hereby adopts and incorporates by reference, paragraphs 1 through 34, above and further states as follows:

35.    At all times relevant hereto, defendant Girsberger AG, was the entity responsible for the design, manufacture, testing and placement into the stream of commerce of the Zampano chair at issue.

36.    Defendant Girsberger AG, had a duty to: take all reasonable and necessary measures to ensure that the Zampano chair, which it manufactured and placed into the stream of commerce, was reasonably safe for the purpose for which it was intended; appropriately inspect and test any and all products which it placed into the stream of commerce, including the Zampano chair at issue, to ensure the chair was safe and fit for use prior to distribution and sale;

LAW OFFICES
ASHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX 410-547-1261

refrain from placing into the stream of commerce any product, including the Zampano chair at issue, that was not reasonably safe for its normal or intended use; put in place all necessary quality assurance mechanisms to identify, and exclude from distribution and sale, any and all products containing manufacturing and/or design defects, including the Zampano chair at issue; ensure that all of its products, including the Zampano chair at issue contained open, obvious and adequate warnings regarding their safe use(s); and ensure that all of the products which it placed into the stream of commerce fully complied and conformed with all Federal, State and local statutes and regulations and applicable industry and product standards.

37.    Defendant Girsberger AG, breached its duty by failing to: take all reasonable and necessary measures to ensure that the Zampano chair, which it manufactured and placed into the stream of commerce, was reasonably safe for the purpose for which it was intended; appropriately inspect and test any and all products which it placed into the stream of commerce, including the Zampano chair at issue, to ensure the chair was safe and fit for use prior to distribution and sale; refrain from placing into the stream of commerce any product, including the Zampano chair at issue, that was not reasonably safe for its normal or intended use; put in place all necessary quality assurance mechanisms to identify, and exclude from distribution and sale, any and all products containing manufacturing and/or design defects, including the Zampano chair at issue; ensure that all of its products, including the Zampano chair at issue contained open, obvious and adequate warnings regarding their safe use(s); and ensure that all of the products which it placed into the stream of commerce fully complied and conformed with all Federal, State and local statutes and regulations and applicable industry and product standards.

38.    As a direct and proximate result of the above-stated breaches, plaintiff has

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX 301-459-1264

SUITE 1212
0 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1123
FAX 410-547-1261

suffered, and will continue to suffer, serious and permanent injuries including, but not limited to, severe injury to her lumbar spine, protracted back pain, discomfort and physical disability.

39.    As a further direct and proximate cause of defendant's breaches, plaintiff has incurred, and will continue to incur, significant expenses for medical care and treatment.

40.    As a further direct and proximate cause of defendant's breaches, plaintiff has suffered, and will continue to suffer, severe pain, suffering, discomfort, inconvenience and emotional anguish.

41.    As a further direct and proximate cause of defendant's breaches, plaintiff has suffered, and will continue to suffer, loss of wages and wage-earning capacity.

WHEREFORE, plaintiff, Cindy Loveless, demands judgment against defendant, Girsberger AG, jointly and severally, in the full and just amount of **TWO MILLION DOLLARS ($2,000,000.00)**, plus interest and costs of suit herein.

### COUNT IV
### GIRSBERGER GMBH
### (NEGLIGENCE)

Plaintiff hereby adopts and incorporates by reference, paragraphs 1 through 41, above and further states as follows:

42.    At all times relevant hereto, defendant Girsberger GmbH, was the entity responsible for the design, manufacture, testing and placement into the stream of commerce of the Zampano chair at issue.

43.    Defendant Girsberger GmbH, had a duty to: take all reasonable and necessary measures to ensure that the Zampano chair, which it manufactured and placed into the stream of commerce, was reasonably safe for the purpose for which it was intended; appropriately inspect

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036
―――――
202-783-6400
FAX  202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311
―――――
703-931-5500
FAX  703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852
―――――
301-770-3737
FAX  301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785
―――――
301-459-8400
FAX  301-459-1364

SUITE 1212
3 EAST BALTIMORE STREET
BALTIMORE, MD 21202
―――――
410-539-1122
FAX  410-547-1261

-11-

and test any and all products which it placed into the stream of commerce, including the Zampano chair at issue, to ensure the chair was safe and fit for use prior to distribution and sale; refrain from placing into the stream of commerce any product, including the Zampano chair at issue, that was not reasonably safe for its normal or intended use; put in place all necessary quality assurance mechanisms to identify, and exclude from distribution and sale, any and all products containing manufacturing and/or design defects, including the Zampano chair at issue; ensure that all of its products, including the Zampano chair at issue contained open, obvious and adequate warnings regarding their safe use(s); and ensure that all of the products which it placed into the stream of commerce fully complied and conformed with all Federal, State and local statutes and regulations and applicable industry and product standards.

44.    Defendant Girsberger GmbH, breached its duty by failing to: take all reasonable and necessary measures to ensure that the Zampano chair, which it manufactured and placed into the stream of commerce, was reasonably safe for the purpose for which it was intended; appropriately inspect and test any and all products which it placed into the stream of commerce, including the Zampano chair at issue, to ensure the chair was safe and fit for use prior to distribution and sale; refrain from placing into the stream of commerce any product, including the Zampano chair at issue, that was not reasonably safe for its normal or intended use; put in place all necessary quality assurance mechanisms to identify, and exclude from distribution and sale, any and all products containing manufacturing and/or design defects, including the Zampano chair at issue; ensure that all of its products, including the Zampano chair at issue contained open, obvious and adequate warnings regarding their safe use(s); and ensure that all of the products which it placed into the stream of commerce fully complied and conformed with all

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX 301-459-1364

SUITE 1212
9 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX 410-547-1261

-12-

Federal, State and local statutes and regulations and applicable industry and product standards.

45.    As a direct and proximate result of the above-stated breaches, plaintiff has suffered, and will continue to suffer, serious and permanent injuries including, but not limited to, severe injury to her lumbar spine, protracted back pain, discomfort and physical disability.

46.    As a further direct and proximate cause of defendant's breaches, plaintiff has incurred, and will continue to incur, significant expenses for medical care and treatment.

47.    As a further direct and proximate cause of defendant's breaches, plaintiff has suffered, and will continue to suffer, severe pain, suffering, discomfort, inconvenience and emotional anguish.

48.    As a further direct and proximate cause of defendant's breaches, plaintiff has suffered, and will continue to suffer, loss of wages and wage-earning capacity.

**WHEREFORE**, plaintiff, Cindy Loveless, demands judgment against defendant, Girsberger GmbH, jointly and severally, in the full and just amount of **TWO MILLION DOLLARS ($2,000,000.00)**, plus interest and costs of suit herein.

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-2737
FAX 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX 410-347-1261

## COUNT V
### TUNA-GIRSBERGER TIC AS
### (NEGLIGENCE)

Plaintiff hereby adopts and incorporates by reference, paragraphs 1 through 48, above and further states as follows:

49.    At all times relevant hereto, defendant Tuna-Girsberger TIC AS, was the entity responsible for the design, manufacture, testing and placement into the stream of commerce of the Zampano chair at issue.

50.    Defendant Tuna-Girsberger TIC AS, had a duty to: take all reasonable and

-13-

necessary measures to ensure that the Zampano chair, which it manufactured and placed into the stream of commerce, was reasonably safe for the purpose for which it was intended; appropriately inspect and test any and all products which it placed into the stream of commerce, including the Zampano chair at issue, to ensure the chair was safe and fit for use prior to distribution and sale; refrain from placing into the stream of commerce any product, including the Zampano chair at issue, that was not reasonably safe for its normal or intended use; put in place all necessary quality assurance mechanisms to identify, and exclude from distribution and sale, any and all products containing manufacturing and/or design defects, including the Zampano chair at issue; ensure that all of its products, including the Zampano chair at issue contained open, obvious and adequate warnings regarding their safe use(s); and ensure that all of the products which it placed into the stream of commerce fully complied and conformed with all Federal, State and local statutes and regulations and applicable industry and product standards.

51.    Defendant Tuna-Girsberger TIC AS, breached its duty by failing to: take all reasonable and necessary measures to ensure that the Zampano chair, which it manufactured and placed into the stream of commerce, was reasonably safe for the purpose for which it was intended; appropriately inspect and test any and all products which it placed into the stream of commerce, including the Zampano chair at issue, to ensure the chair was safe and fit for use prior to distribution and sale; refrain from placing into the stream of commerce any product, including the Zampano chair at issue, that was not reasonably safe for its normal or intended use; put in place all necessary quality assurance mechanisms to identify, and exclude from distribution and sale, any and all products containing manufacturing and/or design defects, including the Zampano chair at issue; ensure that all of its products, including the Zampano chair at issue

LAW OFFICES
SHCRAFT & CEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036
_____
202-783-6400
FAX 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311
_____
703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852
_____
301-770-3737
FAX 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785
_____
301-459-8400
FAX 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202
_____
410 539-1122
FAX 410-547-1261

-14-

contained open, obvious and adequate warnings regarding their safe use(s); and ensure that all of

the products which it placed into the stream of commerce fully complied and conformed with all

Federal, State and local statutes and regulations and applicable industry and product standards.

52.    As a direct and proximate result of the above-stated breaches, plaintiff has

suffered, and will continue to suffer, serious and permanent injuries including, but not limited to,

severe injury to her lumbar spine, protracted back pain, discomfort and physical disability.

53.    As a further direct and proximate cause of defendant's breaches, plaintiff has

incurred, and will continue to incur, significant expenses for medical care and treatment.

54.    As a further direct and proximate cause of defendant's breaches, plaintiff has

suffered, and will continue to suffer, severe pain, suffering, discomfort, inconvenience and

emotional anguish.

55.    As a further direct and proximate cause of defendant's breaches, plaintiff has

suffered, and will continue to suffer, loss of wages and wage-earning capacity.

**WHEREFORE**, plaintiff, Cindy Loveless, demands judgment against defendant, Tuna-

Girsberger TIC AS, jointly and severally, in the full and just amount of **TWO MILLION**

**DOLLARS ($2,000,000.00)**, plus interest and costs of suit herein.

**COUNT VI**
**GIRSBERGER INDUSTRIES, INC.**
**(BREACH OF EXPRESS AND IMPLIED WARRANTY)**

Plaintiff hereby adopts and incorporates by reference, paragraphs 1 through 55 above and

further states as follows:

56.    Defendant Girsberger Industries, Inc., designed, manufactured, tested, inspected,

sold, marketed and/or placed into the stream of commerce the Zampano chair which injured

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX 703-920-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX 301-861-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8300
FAX 301-459-1364

SUITE 1212
2 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX 410-547-1261

-15-

plaintiff. In so doing, Girsberger Industries, Inc., impliedly warranted that the chair was merchantable and reasonably fit and suitable for its ordinary, intended and foreseeable use.

57.    Defendant Girsberger Industries, Inc., also expressly warranted their chair to be safe for normal use and for the purposes for which it was intended.

58.    Defendant Girsberger Industries, Inc., breached its express and implied warranty of merchantability by selling, delivering and allowing to be purchased and used a chair which was defectively designed and/or manufactured and which was thereby rendered unmerchantable and unfit for its ordinary and foreseeable purpose and use, which were known or should have been known to defendant, Girsberger Industries, Inc.

59.    As a direct and proximate result of the above-stated breach of express and implied warranty by defendant, Girsberger Industries, Inc., the plaintiff has suffered and will continue to suffer the injuries alleged in Count I.

**WHEREFORE**, plaintiff, Cindy Loveless, demands judgment against defendant, Girsberger Industries, Inc., jointly and severally, in the full and just amount of **TWO MILLION DOLLARS ($2,000,000.00)**, plus interest and costs of suit herein.

**COUNT VII**
**GIRSBERGER HOLDING AG**
**(BREACH OF EXPRESS AND IMPLIED WARRANTY)**

Plaintiff hereby adopts and incorporates by reference, paragraphs 1 through 59 above and further states as follows:

60.    Defendant Girsberger Holding AG, designed, manufactured, tested, inspected, sold, marketed and/or placed into the stream of commerce the Zampano chair which injured plaintiff. In so doing, Girsberger Holding AG, impliedly warranted that the chair was

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX 202-416-6392

SUITE 650
2900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX 301-881-6132

SUITE 201
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX 301-459-1264

SUITE 1212
0 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX 410-547-1261

-16-

merchantable and reasonably fit and suitable for its ordinary, intended and foreseeable use.

61.    Defendant Girsberger Holding AG, also expressly warranted their chair to be safe for normal use and for the purposes for which it was intended.

62.    Defendant Girsberger Holding AG, breached its express and implied warranty of merchantability by selling, delivering and allowing to be purchased and used a chair which was defectively designed and/or manufactured and which was thereby rendered unmerchantable and unfit for its ordinary and foreseeable purpose and use, which were known or should have been known to defendant, Girsberger Holding AG.

63.    As a direct and proximate result of the above-stated breach of express and implied warranty by defendant, Girsberger Holding AG, the plaintiff has suffered and will continue to suffer the injuries alleged in Count I.

**WHEREFORE**, plaintiff, Cindy Loveless, demands judgment against defendant, Girsberger Holding AG, jointly and severally, in the full and just amount of **TWO MILLION DOLLARS ($2,000,000.00)**, plus interest and costs of suit herein.

**COUNT VIII**
**GIRSBERGER AG**
**(BREACH OF EXPRESS AND IMPLIED WARRANTY)**

Plaintiff hereby adopts and incorporates by reference, paragraphs 1 through 63 above and further states as follows:

64.    Defendant Girsberger AG, designed, manufactured, tested, inspected, sold, marketed and/or placed into the stream of commerce the Zampano chair which injured plaintiff. In so doing, Girsberger AG, impliedly warranted that the chair was merchantable and reasonably fit and suitable for its ordinary, intended and foreseeable use.

LAW OFFICES
ASHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX 410-547-1261

65.     Defendant Girsberger AG. also expressly warranted their chair to be safe for normal use and for the purposes for which it was intended.

66.     Defendant Girsberger AG. breached its express and implied warranty of merchantability by selling, delivering and allowing to be purchased and used a chair which was defectively designed and/or manufactured and which was thereby rendered unmerchantable and unfit for its ordinary and foreseeable purpose and use, which were known or should have been known to defendant, Girsberger AG.

67.     As a direct and proximate result of the above-stated breach of express and implied warranty by defendant, Girsberger AG, the plaintiff has suffered and will continue to suffer the injuries alleged in Count I.

**WHEREFORE,** plaintiff, Cindy Loveless, demands judgment against defendant, Girsberger AG, jointly and severally, in the full and just amount of **TWO MILLION DOLLARS ($2,000,000.00),** plus interest and costs of suit herein.

**COUNT IX**
**GIRSBERGER GMBH**
**(BREACH OF EXPRESS AND IMPLIED WARRANTY)**

Plaintiff hereby adopts and incorporates by reference, paragraphs 1 through 67 above and further states as follows:

68.     Defendant Girsberger GmbH, designed, manufactured, tested, inspected, sold, marketed and/or placed into the stream of commerce the Zampano chair which injured plaintiff. In so doing, Girsberger GmbH, impliedly warranted that the chair was merchantable and reasonably fit and suitable for its ordinary, intended and foreseeable use.

69.     Defendant Girsberger GmbH, also expressly warranted their chair to be safe for

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036
──────
202-783-6400
FAX 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311
──────
703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852
──────
301-770-3737
FAX 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785
──────
301-459-8400
FAX 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202
──────
410-539-1122
FAX 410-547-1261

-18-

normal use and for the purposes for which it was intended.

70.    Defendant Girsberger GmbH. breached its express and implied warranty of merchantability by selling. delivering and allowing to be purchased and used a chair which was defectively designed and/or manufactured and which was thereby rendered unmerchantable and unfit for its ordinary and foreseeable purpose and use, which were known or should have been known to defendant. Girsberger GmbH

71.    As a direct and proximate result of the above-stated breach of express and implied warranty by defendant. Girsberger GmbH. the plaintiff has suffered and will continue to suffer the injuries alleged in Count I.

WHEREFORE, plaintiff. Cindy Loveless. demands judgment against defendant. Girsberger GmbH. jointly and severally. in the full and just amount of **TWO MILLION DOLLARS ($2,000,000.00)**, plus interest and costs of suit herein.

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036
202-783-6400
FAX 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311
703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852
301-770-3737
FAX 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785
301-459-8400
FAX 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202
410-539-1122
FAX 410-547-1261

## COUNT X
### Tuna-Girsberger TIC AS
### (Breach of Express And Implied Warranty)

Plaintiff hereby adopts and incorporates by reference. paragraphs 1 through 71 above and further states as follows:

72.    Defendant Tuna-Girsberger TIC AS. designed. manufactured. tested. inspected. sold. marketed and/or placed into the stream of commerce the Zampano chair which injured plaintiff. In so doing. Tuna-Girsberger TIC AS. impliedly warranted that the chair was merchantable and reasonably fit and suitable for its ordinary. intended and foreseeable use.

73.    Defendant Tuna-Girsberger TIC AS. also expressly warranted their chair to be safe for normal use and for the purposes for which it was intended.

-19-

74.    Defendant Tuna-Girsberger TIC AS, breached its express and implied warranty of merchantability by selling, delivering and allowing to be purchased and used a chair which was defectively designed and/or manufactured and which was thereby rendered unmerchantable and unfit for its ordinary and foreseeable purpose and use, which were known or should have been known to defendant, Tuna-Girsberger TIC AS

75.    As a direct and proximate result of the above-stated breach of express and implied warranty by defendant, Tuna-Girsberger TIC AS, the plaintiff has suffered and will continue to suffer the injuries alleged in Count I.

WHEREFORE, plaintiff, Cindy Loveless, demands judgment against defendant, Tuna-Girsberger TIC AS, jointly and severally, in the full and just amount of **TWO MILLION DOLLARS ($2,000,000.00)**, plus interest and costs of suit herein.

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301 459-8400
FAX 301 459-1164

SUITE 1212
9 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410 539-1122
FAX 410-547-1261

## COUNT XI
### GIRSBERGER INDUSTRIES, INC.
### (STRICT LIABILITY)

Plaintiff hereby adopts and incorporates by reference, paragraphs 1 through 75 above and further states as follows:

76.    Defendant Girsberger Industries, Inc., at all times relevant herein, was engaged in the design, manufacture, testing, inspection and sale of the Zampano chair involved which injured plaintiff and, prior to May 5, 2005, placed upon the market said chair with the expectation that it would reach its destination in substantially the same condition in which it was sold.

77.    The Zampano chair which caused injury to plaintiff was defective at the time it left the control and/or possession of defendant Girsberger Industries, Inc., its agent, subsidiaries

-20-

or legal predecessors.

78.     By placing the chair on the market, Girsberger Industries, Inc. represented that said chair would perform the intended function for which it was manufactured and designed in complete safety and warranted that it was merchantable and reasonably fit for its ordinary, foreseeable and intended use.

79.     The Zampano chair at issue was used by plaintiff without any material change in its condition from the time it left the control and possession of defendant.

80.     The Zampano chair at issue, as designed and/or manufactured, was defective and unreasonably dangerous, thereby creating a serious risk of bodily injury in its normal use by intended and foreseeable users, such as plaintiff, Cindy Loveless, and was introduced into the stream of commerce in the District of Columbia in said defective condition.

81.     As a direct and proximate result of the above stated defective design and/or manufacture of the Zampano chair by defendant Girsberger Industries, Inc., plaintiff has suffered the injuries described in Count I above.

**WHEREFORE**, plaintiff, Cindy Loveless, demands judgment against defendant, Girsberger Industries, Inc., jointly and severally, in the full and just amount of **TWO MILLION DOLLARS ($2,000,000.00)**, plus interest and costs of suit herein.

### COUNT XII
### GIRSBERGER HOLDING AG
### (STRICT LIABILITY)

Plaintiff hereby adopts and incorporates by reference, paragraphs 1 through 81 above and further states as follows:

82.     Defendant Girsberger Holding AG, at all times relevant herein, was engaged in

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX  202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX  703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301 770-3737
FAX  301-881 6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANCOVER, MD 20785

301-459-8400
FAX  301-459-1364

SUITE 212
U EAST BALT-MORE STREET
BALT-MORE  MD 21202

410-539-1122
FAX  410-547-1261

-21-

the design, manufacture, testing, inspection and sale of the Zampano chair involved which injured plaintiff and, prior to May 5, 2005, placed upon the market said chair with the expectation that it would reach its destination in substantially the same condition in which it was sold.

83.    The Zampano chair which caused injury to plaintiff was defective at the time it left the control and/or possession of defendant Girsberger Holding AG, its agent, subsidiaries or legal predecessors.

84.    By placing the chair on the market, Girsberger Holding AG represented that said chair would perform the intended function for which it was manufactured and designed in complete safety and warranted that it was merchantable and reasonably fit for its ordinary, foreseeable and intended use.

85.    The Zampano chair at issue was used by plaintiff without any material change in its condition from the time it left the control and possession of defendant.

86.    The Zampano chair at issue, as designed and/or manufactured, was defective and unreasonably dangerous, thereby creating a serious risk of bodily injury in its normal use by intended and foreseeable users, such as plaintiff, Cindy Loveless, and was introduced into the stream of commerce in the District of Columbia in said defective condition.

87.    As a direct and proximate result of the above stated defective design and/or manufacture of the Zampano chair by defendant Girsberger Holding AG, plaintiff has suffered the injuries described in Count I above.

WHEREFORE, plaintiff, Cindy Loveless, demands judgment against defendant, Girsberger Holding AG, jointly and severally, in the full and just amount of **TWO MILLION DOLLARS**

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
3000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX 301-881-4132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX 301-459-1364

SUITE 1212
6 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX 410-547-1161

**($2,000,000.00)**, plus interest and costs of suit herein.

## COUNT XIII
### GIRSBERGER AG
### (STRICT LIABILITY)

Plaintiff hereby adopts and incorporates by reference, paragraphs 1 through 87 above and further states as follows:

88.    Defendant Girsberger AG, at all times relevant herein, was engaged in the design, manufacture, testing, inspection and sale of the Zampano chair involved which injured plaintiff and, prior to May 5, 2005, placed upon the market said chair with the expectation that it would reach its destination in substantially the same condition in which it was sold.

89.    The Zampano chair which caused injury to plaintiff was defective at the time it left the control and/or possession of defendant Girsberger AG, its agent, subsidiaries or legal predecessors.

90.    By placing the chair on the market, Girsberger AG represented that said chair would perform the intended function for which it was manufactured and designed in complete safety and warranted that it was merchantable and reasonably fit for its ordinary, foreseeable and intended use.

91.    The Zampano chair at issue was used by plaintiff without any material change in its condition from the time it left the control and possession of defendant.

92.    The Zampano chair at issue, as designed and/or manufactured, was defective and unreasonably dangerous, thereby creating a serious risk of bodily injury in its normal use by intended and foreseeable users, such as plaintiff, Cindy Loveless, and was introduced into the stream of commerce in the District of Columbia in said defective condition.

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
7000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX 301-459-1364

SUITE 1212
0 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX 410-547-1261

-23-

93.    As a direct and proximate result of the above stated defective design and/or manufacture of the Zampano chair by defendant Girsberger AG, plaintiff has suffered the injuries described in Count I above.

**WHEREFORE**, plaintiff, Cindy Loveless, demands judgment against defendant, Girsberger AG, jointly and severally, in the full and just amount of **TWO MILLION DOLLARS ($2,000,000.00)**, plus interest and costs of suit herein.

**COUNT XIV**
**GIRSBERGER GMBH**
**(STRICT LIABILITY)**

Plaintiff hereby adopts and incorporates by reference, paragraphs 1 through 93 above and further states as follows:

94.    Defendant Girsberger GmbH, at all times relevant herein, was engaged in the design, manufacture, testing, inspection and sale of the Zampano chair involved which injured plaintiff and, prior to May 5, 2005, placed upon the market said chair with the expectation that it would reach its destination in substantially the same condition in which it was sold.

95.    The Zampano chair which caused injury to plaintiff was defective at the time it left the control and/or possession of defendant Girsberger GmbH, its agent, subsidiaries or legal predecessors.

96.    By placing the chair on the market, Girsberger GmbH represented that said chair would perform the intended function for which it was manufactured and designed in complete safety and warranted that it was merchantable and reasonably fit for its ordinary, foreseeable and intended use.

97.    The Zampano chair at issue was used by plaintiff without any material change in

LAW OFFICES
ASHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 10785

301-459-8400
FAX 301-459-1364

SUITE 1212
6 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX 410-547-1361

its condition from the time it left the control and possession of defendant.

98.    The Zampano chair at issue, as designed and/or manufactured, was defective and unreasonably dangerous, thereby creating a serious risk of bodily injury in its normal use by intended and foreseeable users, such as plaintiff, Cindy Loveless, and was introduced into the stream of commerce in the District of Columbia in said defective condition.

99.    As a direct and proximate result of the above stated defective design and/or manufacture of the Zampano chair by defendant Girsberger GmbH, plaintiff has suffered the injuries described in Count I above.

WHEREFORE, plaintiff, Cindy Loveless, demands judgment against defendant, Girsberger GmbH, jointly and severally, in the full and just amount of **TWO MILLION DOLLARS ($2,000,000.00)**, plus interest and costs of suit herein.

LAW OFFICES
SHCRAFT & GEREL, LLP
SU TE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX 202 416-6392

SUITE 650
4300 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY OR VE
LANDOVER, MD 20785

301-459-8400
FAX 301-459-1364

SUITE 1212
0 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX 4 0 547-1361

### COUNT XV
### TUNA-GIRSBERGER TIC AS
### (STRICT LIABILITY)

Plaintiff hereby adopts and incorporates by reference, paragraphs 1 through 99 above and further states as follows:

100.    Defendant Tuna-Girsberger TIC AS, at all times relevant herein, was engaged in the design, manufacture, testing, inspection and sale of the Zampano chair involved which injured plaintiff and, prior to May 5, 2005, placed upon the market said chair with the expectation that it would reach its destination in substantially the same condition in which it was sold.

101.    The Zampano chair which caused injury to plaintiff was defective at the time it left the control and/or possession of defendant Tuna-Girsberger TIC AS, its agent, subsidiaries or

-25-

legal predecessors.

102.   By placing the chair on the market, Tuna-Girsberger TIC AS represented that said chair would perform the intended function for which it was manufactured and designed in complete safety and warranted that it was merchantable and reasonably fit for its ordinary, foreseeable and intended use.

103.   The Zampano chair at issue was used by plaintiff without any material change in its condition from the time it left the control and possession of defendant.

104.   The Zampano chair at issue, as designed and/or manufactured, was defective and unreasonably dangerous, thereby creating a serious risk of bodily injury in its normal use by intended and foreseeable users, such as plaintiff, Cindy Loveless, and was introduced into the stream of commerce in the District of Columbia in said defective condition.

105.   As a direct and proximate result of the above stated defective design and/or manufacture of the Zampano chair by defendant Tuna-Girsberger TIC AS, plaintiff has suffered the injuries described in Count I above.

**WHEREFORE**, plaintiff, Cindy Loveless, demands judgment against defendant, Tuna-Girsberger TIC AS, jointly and severally, in the full and just amount of **TWO MILLION DOLLARS ($2,000,000.00)**, plus interest and costs of suit herein.

**COUNT XVI**
**GIRSBERGER INDUSTRIES, INC.**
**(FAILURE TO WARN)**

Plaintiff hereby adopts and incorporates by reference, paragraphs 1 through 105 above and further states as follows:

106.   Defendant Girsberger Industries, Inc., had a legal duty to provide full and

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX 202-416-6392

SUITE 550
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX 301-459-1364

SUITE 1212
3 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX 410-547-1261

-26-

adequate warnings to all purchasers and users of the Zampano chair at issue regarding: (a) the risks of using the product that may not be obvious to the user; and (b) the safe and appropriate use of the chair.

107.    Defendant Girsberger Industries, Inc., failed to provide any adequate warnings regarding restrictions in the use fo the chair at issue including, but not limited to, weight restrictions.

108.    As a direct and proximate result of the above stated failure to warn by defendant Girsberger Industries, Inc., plaintiff has suffered the injuries described in Count I above.

**WHEREFORE**, plaintiff, Cindy Loveless, demands judgment against defendant, Girsberger Industries, Inc., jointly and severally, in the full and just amount of **TWO MILLION DOLLARS ($2,000,000.00)**, plus interest and costs of suit herein.

**COUNT XVII**
**GIRSBERGER HOLDING AG**
**(FAILURE TO WARN)**

Plaintiff hereby adopts and incorporates by reference, paragraphs 1 through 108 above and further states as follows:

109.    Defendant Girsberger Holding AG, had a legal duty to provide full and adequate warnings to all purchasers and users of the Zampano chair at issue regarding: (a) the risks of using the product that may not be obvious to the user; and (b) the safe and appropriate use of the chair.

110.    Defendant Girsberger Holding AG, failed to provide any adequate warnings regarding restrictions in the use fo the chair at issue including, but not limited to, weight restrictions.

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-454-8400
FAX 301-459-1264

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX 410-547-1261

-27-

111.    As a direct and proximate result of the above stated failure to warn by defendant Girsberger Holding AG, plaintiff has suffered the injuries described in Count I above.

WHEREFORE, plaintiff, Cindy Loveless, demands judgment against defendant, Girsberger Holding AG, jointly and severally, in the full and just amount of **TWO MILLION DOLLARS (\$2,000,000.00)**, plus interest and costs of suit herein.

**COUNT XVIII**
**GIRSBERGER AG**
**(FAILURE TO WARN)**

Plaintiff hereby adopts and incorporates by reference, paragraphs 1 through 111 above and further states as follows:

112.    Defendant Girsberger AG, had a legal duty to provide full and adequate warnings to all purchasers and users of the Zampano chair at issue regarding: (a) the risks of using the product that may not be obvious to the user; and (b) the safe and appropriate use of the chair.

113.    Defendant Girsberger AG, failed to provide any adequate warnings regarding restrictions in the use fo the chair at issue including, but not limited to, weight restrictions.

114.    As a direct and proximate result of the above stated failure to warn by defendant Girsberger AG, plaintiff has suffered the injuries described in Count I above.

WHEREFORE, plaintiff, Cindy Loveless, demands judgment against defendant, Girsberger AG, jointly and severally, in the full and just amount of **TWO MILLION DOLLARS (\$2,000,000.00)**, plus interest and costs of suit herein.

**COUNT XIX**
**GIRSBERGER GMBH**
**(FAILURE TO WARN)**

Plaintiff hereby adopts and incorporates by reference, paragraphs 1 through 114 above

LAW OFFICES
SHCRAFT & GEREL, LLP
SUITE 400
1000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-529-1122
FAX 410-547-1261

and further states as follows:

115.    Defendant Girsberger GmbH, had a legal duty to provide full and adequate warnings to all purchasers and users of the Zampano chair at issue regarding: (a) the risks of using the product that may not be obvious to the user; and (b) the safe and appropriate use of the chair.

116.    Defendant Girsberger GmbH, failed to provide any adequate warnings regarding restrictions in the use fo the chair at issue including, but not limited to, weight restrictions.

117.    As a direct and proximate result of the above stated failure to warn by defendant Girsberger GmbH, plaintiff has suffered the injuries described in Count I above.

**WHEREFORE**, plaintiff, Cindy Loveless, demands judgment against defendant, Girsberger GmbH, jointly and severally, in the full and just amount of **TWO MILLION DOLLARS ($2,000,000.00)**, plus interest and costs of suit herein.

## COUNT XX
### TUNA-GIRSBERGER TIC AS
### (FAILURE TO WARN)

Plaintiff hereby adopts and incorporates by reference, paragraphs 1 through 117 above and further states as follows:

118.    Defendant Tuna-Girsberger TIC AS, had a legal duty to provide full and adequate warnings to all purchasers and users of the Zampano chair at issue regarding: (a) the risks of using the product that may not be obvious to the user; and (b) the safe and appropriate use of the chair.

119.    Defendant Tuna-Girsberger TIC AS, failed to provide any adequate warnings regarding restrictions in the use fo the chair at issue including, but not limited to, weight

LAW OFFICES
ASHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX 410-547-1261

-29-

restrictions.

120.    As a direct and proximate result of the above stated failure to warn by defendant Tuna-Girsberger TIC AS, plaintiff has suffered the injuries described in Count I above.

**WHEREFORE**, plaintiff, Cindy Loveless, demands judgment against defendant, Tuna-Girsberger TIC AS, jointly and severally, in the full and just amount of **TWO MILLION DOLLARS ($2,000,000.00)**, plus interest and costs of suit herein.

### COUNT XXI
### GIRSBERGER INDUSTRIES, INC.
### (LOSS OF CONSORTIUM)

Plaintiffs hereby adopts and incorporates by reference, paragraphs 1 through 120 above and further state as follows:

121.    At the time plaintiff, Cindy Loveless, received her injuries on May 5, 2005, she was legally married to plaintiff Brian Loveless.

122.    As a direct and proximate result of the defendant's negligence, the plaintiffs have suffered, and will continue to suffer, a loss of each others love, affection, sexual relations, society, services, companionship and consortium.

**WHEREFORE**, plaintiffs, Cindy Loveless and Brian Loveless, demand judgment against defendant, Girsberger Industries, Inc., jointly and severally, in the full and just amount of **ONE MILLION DOLLARS ($1,000,000.00)**, plus interest and costs of suit herein.

### COUNT XXII
### GIRSBERGER HOLDING AG
### (LOSS OF CONSORTIUM)

Plaintiffs hereby adopts and incorporates by reference, paragraphs 1 through 122 above

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX 301 459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1123
FAX 410-547-1261

-30-

and further state as follows:

123.   At the time plaintiff, Cindy Loveless, received her injuries on May 5, 2005, she was legally married to plaintiff Brian Loveless.

124.   As a direct and proximate result of the defendant's negligence, the plaintiffs have suffered, and will continue to suffer, a loss of each others love, affection, sexual relations, society, services, companionship and consortium.

**WHEREFORE**, plaintiffs, Cindy Loveless and Brian Loveless, demand judgment against defendant, Girsberger Industries, Inc., jointly and severally, in the full and just amount of **ONE MILLION DOLLARS ($1,000,000.00)**, plus interest and costs of suit herein.

## COUNT XXIII
### GIRSBERGER AG
### (LOSS OF CONSORTIUM)

LAW OFFICES
ASHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX 301-459-1364

SUITE 1212
0 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX 410-547-1261

Plaintiffs hereby adopts and incorporates by reference, paragraphs 1 through 124 above and further state as follows:

125.   At the time plaintiff, Cindy Loveless, received her injuries on May 5, 2005, she was legally married to plaintiff Brian Loveless.

126.   As a direct and proximate result of the defendant's negligence, the plaintiffs have suffered, and will continue to suffer, a loss of each others love, affection, sexual relations, society, services, companionship and consortium.

**WHEREFORE**, plaintiffs, Cindy Loveless and Brian Loveless, demand judgment against defendant, Girsberger Industries, Inc., jointly and severally, in the full and just amount of **ONE MILLION DOLLARS ($1,000,000.00)**, plus interest and costs of suit herein.

-31-

## COUNT XXIV
### GIRSBERGER GMBH
### (LOSS OF CONSORTIUM)

Plaintiffs hereby adopts and incorporates by reference, paragraphs 1 through 126 above and further state as follows:

127.    At the time plaintiff, Cindy Loveless, received her injuries on May 5, 2005, she was legally married to plaintiff Brian Loveless.

128.    As a direct and proximate result of the defendant's negligence, the plaintiffs have suffered, and will continue to suffer, a loss of each others love, affection, sexual relations, society, services, companionship and consortium.

**WHEREFORE**, plaintiffs, Cindy Loveless and Brian Loveless, demand judgment against defendant, Girsberger Industries, Inc., jointly and severally, in the full and just amount of **ONE MILLION DOLLARS ($1,000,000.00)**, plus interest and costs of suit herein.

## COUNT XXV
### TUNA-GIRSBERGER TIC AS
### (LOSS OF CONSORTIUM)

Plaintiffs hereby adopts and incorporates by reference, paragraphs 1 through 128 above and further state as follows:

129.    At the time plaintiff, Cindy Loveless, received her injuries on May 5, 2005, she was legally married to plaintiff Brian Loveless.

130.    As a direct and proximate result of the defendant's negligence, the plaintiffs have suffered, and will continue to suffer, a loss of each others love, affection, sexual relations,

LAW OFFICES
SHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX 301-459-1364

SUITE 1212
9 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX 410-547-1261

society, services, companionship and consortium.

**WHEREFORE**, plaintiffs, Cindy Loveless and Brian Loveless, demand judgment against defendant, Tuna-Girsberger TIC AS, jointly and severally, in the full and just amount of **ONE MILLION DOLLARS ($1,000,000.00)**, plus interest and costs of suit herein.

Respectfully,
ASHCRAFT & GEREL, LLP

Sidney Schupak, Esquire
D.C. Bar No. 436616
2000 L Street, N.W., #400
Washington, D.C. 20036
202.783.6400
**Counsel for Plaintiffs**

**JURY TRIAL DEMANDED**

Sidney Schupak

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX 301-459-1364

SUITE 1212
0 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX 410-537-1261

-33-



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

CINDY LOVELESS

    Vs.                                                    C.A. No.     2008 CA 002826 B

GIRSBERGER INDUSTRIES, INC.

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge BROOK HEDGE
Date:  April 10, 2008
Initial Conference: 9:00 am, Friday, July 25, 2008
Location:  Courtroom 517
        500 Indiana Avenue N.W.
        WASHINGTON, DC 20001



**EXHIBIT**

**B**

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc



# IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION
### 500 INDIANA AVENUE NW ROOM JM-170
### WASHINGTON, DC 20001
### (202) 879-1133

Cindy Loveless and Brian Loveless
Plaintiff(s)

vs

Girsberger Industries, Inc. et al.
Defendant(s)

**FILED**
**CIVIL ACTIONS BRANCH**
**MAY 2 0 2008**
**SUPERIOR COURT**
**OF THE DISTRICT OF COLUMBIA**
**WASHINGTON, DC**

Case Number: 2008 CA 002826 B

## AFFIDAVIT OF SERVICE

The undersigned hereby certifies that on __May 7__, 2008 at __2:50__ xam/pm, I executed service of process upon ___Kay T. Wade___, Registered Agent/Authorized Representative of **GIRSBERGER INDUSTRIES, INC.** at __3940 US 70 West, Smithfield, N.C. 27577__ by delivering to and leaving with personally, copies of Summons, Complaint, and Initial Order and Addendum plus Plaintiff's Request for Production of Documents to Defendant Girsberger Industries, Inc. Recipient is described as a ___white___ (fe)male, approximately __5' 5"__ tall, __approx__ pounds, __brown__ eyes, __blond__ hair, and __45__ years of age. The undersigned further certifies that my address of record is Washington Pre-Trial Services, Inc., 4626 Wisconsin Avenue NW #300, Washington, DC 20016; that I am over the age of 18 years; and that I am not a party to this action.

I solemnly declare and affirm under penalties of perjury that the matters and facts set forth herein are true to the best of my knowledge, information, and belief.

Date: __May 8, 2008__

_Lee W. Tart_
Lee W. Tart

for: Washington Pre-Trial Services, Inc.

NOTARY
County of Wake -- State of N. C.
Sworn and subscribed before me
this __8th__ day of __May__, 2008.

_Betty B. Tart_ (seal)
My Commission Expires: __8-26-08__

**EXHIBIT**
C

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| CINDY LOVELESS<br>390 Terrace Drive<br>Prince Frederick, MD 20678 | *<br>*<br>*<br>* | |
| and | *<br>* | |
| BRIAN LOVELESS<br>390 Terrace Drive<br>Prince Frederick, MD 20678 | *<br>*<br>*<br>* | Civil Action No.: 2008 CA 002826 B<br>Judge Brook Hedge<br>Next Event: Initial Conference<br>Friday, July 25, 2008 at 9:00 a.m. |
| Plaintiffs, | *<br>* | Courtroom 517 |
| v. | *<br>* | |
| GIRSBERGER INDUSTRIES, INC.<br>3940 U.S. Hwy 70 Bus. West<br>Smithfield, NC 27577-1476, et al. | *<br>*<br>*<br>* | |
| Defendants. | *<br>*<br>* | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### ANSWER OF DEFENDANT GIRSBERGER INDUSTRIES, INC. TO THE COMPLAINT

The Defendant, Girsberger Industries, Inc., by counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, hereby answers the Complaint as follows:

### FIRST DEFENSE

1.     The allegations set forth in Paragraph One of the Complaint are jurisdictional in nature to which no response is required.

2.     This Defendant lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph Two of the Complaint. Pursuant to the Rules of Procedure, the allegations are deemed denied.

301672.1



3.    This Defendant lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph Three of the Complaint.    Pursuant to the Rules of Procedure, the allegations are deemed denied.

4.    It is admitted that Girsberger Industries, Inc. is a North Carolina corporation licensed to do business in North Carolina and operates as a distributor of Girsberger products in the United States.    The remaining allegations set forth in Paragraph Four of the Complaint are denied.

5.    The allegations set forth in Paragraph Five of the Complaint are vague and ambiguous.    It is admitted that Girsberger Holding AG is a Swiss company.    The remaining allegations as phrased are too vague to admit or deny, and therefore are deemed denied.

6.    The allegations set forth in Paragraph Six of the Complaint do not pertain to this Defendant.    Based on information and belief, the allegations set forth in Paragraph Six of the Complaint are admitted.

7.    The allegations set forth in Paragraph Seven of the Complaint do not pertain to this Defendant.    Based on information and belief, the allegations set forth in Paragraph Seven of the Complaint are admitted.

8.    The allegations set forth in Paragraph Eight of the Complaint do not pertain to this Defendant.    Based on information and belief, the allegations set forth in Paragraph Eight of the Complaint are admitted.

9.    The allegations set forth in Paragraph Nine of the Complaint concern Defendants other than this Defendant.    With respect to this Defendant, it is admitted that Girsberger Industries, Inc. was engaged in the business of distributing office furniture in the United States. The remaining allegations as phrased, as they pertain to this Defendant, are denied.    As to the

other Defendants, the allegations, as phrased, are denied.

10.    This Defendant admits that it assembled and distributed the chair at issue. This Defendant denies that it manufactured the chair at issue. With respect to the allegations as they pertain to the other Defendants, this Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore pursuant to the Rules of Procedure, the allegations are deemed denied.

11.    This Defendant denies the allegations as phrased in Paragraph 11 of the Complaint.

12.    Denied.

13.    This Defendant lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 13 of the Complaint. Pursuant to the Rules of Procedure, the allegations are deemed denied.

14.    This Defendant lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 14 of the Complaint. Pursuant to the Rules of Procedure, the allegations are deemed denied.

15.    This Defendant lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 15 of the Complaint. Pursuant to the Rules of Procedure, the allegations are deemed denied.

16.    This Defendant lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 16 of the Complaint. Pursuant to the Rules of Procedure, the allegations are deemed denied.

17.    This Defendant lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 17 of the Complaint. Pursuant to the Rules of Procedure,

the allegations are deemed denied.

18.    This Defendant lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 18 of the Complaint. Pursuant to the Rules of Procedure, the allegations are deemed denied.

19.    This Defendant lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 19 of the Complaint. Pursuant to the Rules of Procedure, the allegations are deemed denied.

20.    This Defendant lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 20 of the Complaint. Pursuant to the Rules of Procedure, the allegations are deemed denied.

21.    The Defendant hereby adopts and incorporates in reference its responses to Paragraphs One through Twenty of the Complaint. The allegations as phrased in Paragraph 21 of the Complaint are denied and the Defendant demands strict proof thereof.

22.    The allegations set forth in Paragraph 22 of the Complaint as phrased are denied and the Defendant demands strict proof thereof.

23.    The allegations set forth in Paragraph 23 of the Complaint as phrased are denied and the Defendant demands strict proof thereof.

24.    The allegations set forth in Paragraph 24 of the Complaint as phrased are denied and the Defendant demands strict proof thereof.

25.    The allegations set forth in Paragraph 25 of the Complaint as phrased are denied and the Defendant demands strict proof thereof.

26.    The allegations set forth in Paragraph 26 of the Complaint as phrased are denied and the Defendant demands strict proof thereof.

27.    The allegations set forth in Paragraph 27 of the Complaint as phrased are denied and the Defendant demands strict proof thereof.

28-55.  The Defendant incorporates and adopts herein its responses to Paragraphs One through Twenty-Seven.  In further response to Paragraphs 28 through Paragraph 55, the Defendant states that the allegations set forth in these paragraphs are directed to parties other than this Defendant and therefore no response is required.  To the extent a response is required, the Defendant states that it does not have sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in these paragraphs.  Accordingly, pursuant to the Rules of Procedure, the allegations are deemed denied.

56.    The Defendant adopts and incorporates its responses to Paragraphs One through Fifty-Five of the Complaint.  In further response to Paragraph 56, the Defendant states it denies the allegations as phrased in Paragraph 56 of the Complaint.

57.    The Defendant denies the allegations as phrased in Paragraph 57 of the Complaint and demands strict proof thereof.

58.    The Defendant denies the allegations as phrased in Paragraph 58 of the Complaint and demands strict proof thereof.

59.    The Defendant denies the allegations as phrased in Paragraph 59 of the Complaint and demands strict proof thereof.

60-75.  The Defendant adopts and incorporates as it fully set forth herein its responses to Paragraphs One through Fifty-Nine.  In further response to these paragraphs, the Defendant states that the allegations set forth in these paragraphs are not directed to this Defendant and therefore no response is required.  To the extent a response is required, the Defendant states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations and

therefore, pursuant to the Rules of Procedure, the allegations are deemed denied.

76.     The Defendant adopts and incorporates as it fully set forth herein its responses to Paragraphs One through Seventy-Five.  In further response to Paragraph 76, the Defendant states that the allegations as phrased in Paragraph 76 of the Complaint are denied and the Defendant demands strict proof thereof.

77.     The Defendant denies the allegations in Paragraph 77 of the Complaint and demands strict proof thereof.

78.     The Defendant denies the allegations in Paragraph 78 of the Complaint and demands strict proof thereof.

79.     This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 79 of the Complaint.  Pursuant to the Rules of Procedure, the allegations are deemed denied.

80.     This Defendant denies the allegations set forth in Paragraph 80 of the Complaint and demands strict proof thereof.

81.     This Defendant denies the allegations set forth in Paragraph 81 of the Complaint and demands strict proof thereof.

82-105. The Defendant adopts and incorporates as it fully set forth herein its responses to Paragraphs One through Eighty-One.  In further response to these paragraphs, Defendant states that these paragraphs do not allege allegations against this Defendant, and therefore, no response is required.  To the extent a response is required, the Defendant states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in these Paragraphs.  Accordingly, pursuant to the Rules of Procedure, the allegations are deemed denied.

106.    The Defendant adopts and incorporates as it fully set forth herein its responses to

Paragraphs 1 through 105. In further response to Paragraph 106, the Defendant states that the allegations set forth in Paragraph 106 of the Complaint are denied.

107.    The allegations set forth in Paragraph 107 of the Complaint are denied and the Defendant demands strict proof thereof.

108.    The allegations set forth in Paragraph 108 of the Complaint are denied and the Defendant demands strict proof thereof.

109-120. This Defendant adopts and incorporates as fully set forth herein its responses to Paragraphs 1 through 108. In further response to these paragraphs, the Defendant states that the allegations set forth in these paragraphs are not directed to this Defendant, and therefore, no response is required. To the extent a response is required, this Defendant states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, pursuant to the Rules of Procedure, the allegations are deemed denied.

121.    The Defendant adopts and incorporates as fully set forth herein its responses to Paragraphs 1 through 120. In further response to Paragraph 121, this Defendant states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 121 of the Complaint. Pursuant to the Rules of Procedure, the allegations are deemed denied.

122.    The allegations set forth in Paragraph 122 of the Complaint are denied and the Defendant demands strict proof thereof.

123-130. This Defendant adopts and incorporates as fully set forth herein its responses to Paragraphs 1 through 122. In further response to these paragraphs, the Defendant states that the allegations set forth in these paragraphs do not pertain to this Defendant, and therefore, no response is required. To the extent a response is required, this Defendant states that it lacks sufficient

knowledge or information to form a belief as to the truth of the allegations. Pursuant to the Rules of

Procedure, the allegations are therefore deemed denied.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

The Plaintiffs have or may have failed to mitigate damages.

## FOURTH DEFENSE

The injuries or damages alleged by Plaintiffs, if any, may have been pre-existing and/or

caused by a natural disease process.

## FIFTH DEFENSE

The injuries or damages alleged by the Plaintiffs, if any, were not caused or proximately

caused by any action or omissions of this Defendant or its agents.

## SIXTH DEFENSE

The injuries or damages alleged by the Plaintiffs, if any, were or may have been caused or

proximately caused by the Plaintiffs sole and/or contributory negligence.

## SEVENTH DEFENSE

The Plaintiffs' claims are or may be barred by the doctrine of Assumption of Risk.

## EIGHTH DEFENSE

The Plaintiffs' claims are or may be barred by the applicable statute of limitations.

## NINTH DEFENSE

The Plaintiff's alleged injuries and/or damages, if any, may have been caused or

proximately caused by a superseding and/or intervening act of negligence of others, including the

Plaintiffs, for whom this Defendant is not responsible.

## TENTH DEFENSE

The Plaintiffs claims are, or may be barred, by misuse of the product at issue.

## ELEVENTH DEFENSE

The Plaintiffs avers that the product was safe.

## TWELTH DEFENSE

The Defendant avers that the product at issue contained clear, sufficient, appropriate, and lawful warnings.

## THIRTEENTH DEFENSE

This Defendant denies the existence or breach of any express and/or implied warranty with respect to the product at issue.

## FOURTEENTH DEFENSE

The Plaintiffs' claims are or may be barred as a result of spoliation of evidence.

## FIFTEENTH DEFENSE

The claims may be barred, in whole or in part, by the affirmative defenses of payment, release, and/or waiver.

## SIXTEENTH DEFENSE

Plaintiffs' claims and causes of action are barred in whole or in part because the Defendant owed no legal duty to the Plaintiffs, or if it owed a legal duty, it did not breach that duty.

## SEVENTEENTH DEFENSE

The Plaintiff's claims or causes of action are barred in whole or in part because the alleged injuries and damages were caused, if by anything other than Plaintiffs own culpable conduct, by the acts or omissions of third parties over whom the Defendant has no control and with respect to whom

it has no legal responsibility or liability.

## EIGHTEENTH DEFENSE

The Plaintiffs' claims and causes of action are barred in whole or in part because of the product allegedly at issue conformed to the then existing state of the art, with respect to design, manufacture, and sale, including disclosure of appropriate precautionary information regarding use, handling, and care of such products.

## NINTEENTH DEFENSE

Plaintiffs' claims and causes of action are barred in whole or in part by the learned intermediary, sophisticated and knowledgeable user and bulk supplier defenses and accordingly, if such learned, knowledgeable, sophisticated intermediaries were as knowledgeable as the Defendant regarding the risks and hazards, if any, associated with the use of the product, such intermediaries were in the best position to convey appropriate warnings and other precautionary information regarding the use, handling and care of such product to Plaintiffs.

## TWENTIETH DEFENSE

Plaintiffs' claims and causes of action are barred in whole or part if such product referred to in the Complaint was altered, changed or modified after the product left the possession, custody, and control of the Defendant.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims and causes of action are barred in whole or in part because the product referred to in the Complaint complied with all applicable federal, state, and local rules, regulations, specifications, and laws.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims and causes of action are barred in whole or in part on the basis of the

Component Parts Defense, Restatement (Third) of Torts, Section 5.

### TWENTY-THIRD DEFENSE

Plaintiffs claims are subject to the limitations of the Doctrine of Strict Liability as set forth in restatement (Second) of Torts, Section 402A and/or Restatement (Third) of Torts.

### TWENTY-FOURTH DEFENSE

The Defendant reserves the right to supplement its defenses as the discovery of the case moves forward.

### TWENTY-FIFTH DEFENSE

To the extent that the allegations of the Complaint are not responded to, the allegations are denied.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By:    ----- /s/ Catherine A. Hanrahan, Esq. -----
Catherine A. Hanrahan, #441775
Camille E. Shora, #481281
1341 G Street, NW
Suite 500
Washington, DC 20005-3300
Tel. (202) 626-7660
Fax (202) 628-3606
*Attorneys for Defendant Girsberger Industries, Inc.*

301672.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Answer was mailed, postage prepaid,

this 27th day of May 2008 to:

        Ashcraft & Gerel, LLP
        Sidney Schupak, Esq.
        2000 L Street, NW
        Suite 400
        Washington, DC 20035
        *Counsel for Plaintiffs*

                ----- /s/ Catherine A. Hanrahan, Esq. -----
                Catherine A. Hanrahan, Esquire

IN THE DISTRICT OF COLUMBIA SUPERIOR COURT
Civil Division

CINDY LOVELESS, ET AL.                    :
                                          :
        Plaintiffs,                       :
                                          :
v.                                        :       Case No. 2008 CA 002826 B
                                          :       Judge Hedge
GIRSBERGER INDUSTRIES, INC., ET AL        :       Next Event: 07/25/08
                                          :       Initial Conference
        Defendants.                       :

## NOTICE OF FILING OF NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, on June 3, 2008, Defendant Girsberger

Industries, Inc. ("Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, served a

Notice of Removal for filing in the United States District Court for the District of

Columbia removing the above captioned cause of action to that court. A copy of that

Notice is attached hereto as Exhibit 1. Pursuant to 28 U.S.C. § 1446(d), this Honorable

Court shall proceed no further unless and until the case is remanded to it.


Dated: June 3, 2008

                        Respectfully Submitted,

                        **WILSON, ELSER, MOSKOWITZ,**
                        **EDELMAN & DICKER, LLP**


        By:     ----- /s/ Catherine A. Hanrahan, Esq. -----
                Catherine A. Hanrahan, #441775
                Camille E. Shora, #481281
                1341 G Street, N.W., Suite 500
                Washington, DC 20005-3300
                Tel. (202) 626-7660
                Fax (202) 628-3606
                Catherine.Hanrahan@wilsonelser.com
                Camille.Shora@wilsonelser.com
                *Attorneys for Defendants*

EXHIBIT
E

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of June 2008, a copy of the foregoing

Notice of Filing of Notice of Removal, with exhibits, was e-filed and e-served on:

Sidney Schupak
Ashcraft & Gerel, LLP
2000 L Street, N.W.
Suite 400
Washington, D.C. 20036
*Attorney for Plaintiff*


----- /s/ Catherine A. Hanrahan, Esq. -----
Catherine A. Hanrahan

301877.1

2

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

CINDY LOVELESS                          *
390 Terrace Drive                       *
Prince Frederick, MD 20678              *
                                        *
And                                     *
                                        *
BRIAN LOVELESS                          *
390 Terrace Drive                       *
Prince Frederick, MD 20678              *
                                        *
        Plaintiffs,                     *
                                        *
v.                                      *    Case No. _____
                                        *
GIRSBERGER INDUSTRIES, INC.,            *
3940 U.S. Highway 70 Bus. West          *
Smithfield, ND 27577-1476               *
                                        *
GIRSBERGER HOLDING AG                   *
Bernstrasse 78                          *
CH-4922 Buetzberg                       *
Switzerland                             *
                                        *
GIRSBERGER AG                           *
Bernstrasse 78                          *
CH-4922 Buetzberg                       *
Switzerland                             *
                                        *
GIRSBERGER GMBH                         *
Ersteiner Strasse 2                     *
D-79346 Endingen                        *
Germany                                 *
                                        *
And                                     *
                                        *
TUNA-GIRSBERGER TIC AS                  *
Kinali Kavsagi                          *
Silivri                                 *
24947 Istanbul                          *
Turkey                                  *
                                        *
        Defendants.                     *
*    *    *    *    *    *    *    *



301889.1

## DEFENDANTS GIRSBERGER HOLDING AG, GIRSBERGER AG, GIRSBERGER GMBH AND TUNA-GIRSBERGER TIC AS' CONSENT TO REMOVAL

None of these co-defendants have been served.  However, it is understood that the co-defendants Girsberger Holding AG, Girsberger AG, Girsberger GmbH and Tuna-Girsberger Tic AS, hereby consent to the removal of this action by Defendant Girsberger Industries, Inc., from the District of Columbia Superior Court (Case No. 2008 CA 002826 B) to this Court.

Dated:     June 3, 2008

                    Respectfully Submitted,

                    WILSON, ELSER, MOSKOWITZ,
                    EDELMAN & DICKER LLP

                    Catherine A. Hanrahan, #441775
                    Camilla E. Shora, #481281
                    1341 G Street, NW, Suite 500
                    Washington, DC  20005-3300
                    Tel. (202) 626-7660
                    Fax (202) 628-3606
                    Catherine.Hanrahan@wilsonelser.com
                    Camille.Shora@wilsonelser.com
                    *Attorneys for Defendants*

301889.1

## CERTIFICATE OF SERVICE

I HEREBY certify that a true copy of the foregoing Consent to Removal was sent by United States Mail, postage prepaid, this 3rd day of June 2008, to counsel of record:

Sidney Schupak
Ashcraft & Gerel, LLP
2000 L Street, N.W.
Suite 400
Washington, D.C. 20036
*Attorney for Plaintiff*

Catherine A. Hanrahan

301889.1

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| CINDY LOVELESS AND BRIAN LOVELESS | GIRSBERGER INDUSTRIES, INC., ET AL. |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____88888_____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY) _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Sidney Schupak
Ashcraft & Gerel, LLP
2000 L Street, N.W., Suite 400
Washington DC 20036
(202) 783-6400

ATTORNEYS (IF KNOWN)

Catherine A. Hanrahan and Camille E. Shora
Wilson Elser Moskowitz Edelman & Dicker, LLP
1341 G Street, N.W., 5th Floor
Washington, D.C. 20005
(202) 626-7660

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
◉ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ◉ 2 | ◉ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

◉ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☒ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**      **OR**      ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ **530 Habeas Corpus-General** <br> ☐ **510 Motion/Vacate Sentence** | ☐ **442 Civil Rights-Employment** (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br> *(If pro se, select this deck)* | ☐ **895 Freedom of Information Act** <br> ☐ **890 Other Statutory Actions** (if Privacy Act) <br><br> *(If pro se, select this deck)* | ☐ **152 Recovery of Defaulted Student Loans** (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ **710 Fair Labor Standards Act** <br> ☐ **720 Labor/Mgmt. Relations** <br> ☐ **730 Labor/Mgmt. Reporting & Disclosure Act** <br> ☐ **740 Labor Railway Act** <br> ☐ **790 Other Labor Litigation** <br> ☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights Act)** <br> ☐ **443 Housing/Accommodations** <br> ☐ **444 Welfare** <br> ☐ **440 Other Civil Rights** <br> ☐ **445 American w/Disabilities-Employment** <br> ☐ **446 Americans w/Disabilities-Other** | ☐ **110 Insurance** <br> ☐ **120 Marine** <br> ☐ **130 Miller Act** <br> ☐ **140 Negotiable Instrument** <br> ☐ **150 Recovery of Overpayment & Enforcement of Judgment** <br> ☐ **153 Recovery of Overpayment of Veteran's Benefits** <br> ☐ **160 Stockholder's Suits** <br> ☐ **190 Other Contracts** <br> ☐ **195 Contract Product Liability** <br> ☐ **196 Franchise** | ☐ **441 Civil Rights-Voting** (if Voting Rights Act) |

**V. ORIGIN**

○ **1 Original Proceeding**   ◉ **2 Removed from State Court**   ○ **3 Remanded from Appellate Court**   ○ **4 Reinstated or Reopened**   ○ **5 Transferred from another district (specify)**   ○ **6 Multi district Litigation**   ○ **7 Appeal to District Judge from Mag. Judge**

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

28 USC 1332 (Diversity); Plf. seeks damages due to a fall caused by an alleged defective chair, which Plf. claims was designed, manufactured by Def.

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** $2 mil/$1 mil per claim | Check YES only if demanded in complaint <br> **JURY DEMAND:**   YES ☒   NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  06|03|2008    SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

**I.**    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

**III.**    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.**    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

**VI.**    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.**    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_Cindy Loveless, et al_
Plaintiff

v.                                    Civil Action No.    08  0950

                                                          JUN - 3 2008

_Girsberger Industries, Inc., et al_
Defendant

The above entitled action, removed from the Superior Court for the District of Columbia, has been filed and assigned to Judge **URBINA, J. RMU**. All counsel and/or pro se litigants must include on any subsequent pleadings both the civil action number and the initials of the judge assigned to this action. (See preceding sentence for judge's initials).

Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly recording all counsel of record, counsel for all parties must enter their appearance in accordance with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

Finally, your attention is called to Local Rule 16.3, Duty to Confer. This rule clearly spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By _Maureen Higgins_
   Deputy Clerk

                                                          929A
                                                          Rev. 7/02

cc: _Sidney Schupak_
    _Girsberger AG_
    _Girsberger GmbH_
    _Tuna-Girsberger Tic AS_
    _Girsberger Holding AG_